GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY V. JAMES B. CADE.

Application No. 5002. Decided May 23, 1906.

**Contract—Settlement of Damages—Repudiation.**

One having ground for setting aside a settlement of his claim for damages must act within a reasonable time in repudiating it; this court do not concur in the opinion of the Court of Civil Appeals that only the period of limitation would be a bar to such course, but refuse writ of error because bound by the finding of fact that repudiation herein was within a reasonable time. (P. 37.)

Application for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Cade sued the railway company and recovered judgment. Defendant appealed, and on affirmance applied for a writ of error.

*Baker, Botts, Parker & Garwood, Newton & Ward* and *W. B. Teagarden,* for applicant.—From the pleadings and facts in this case it is made to appear, as a matter of law, that appellee did not disavow the contract promptly or within reasonable time, and did not make an effort within reasonable time to restore the consideration to appellant, but, on the contrary, kept and used a part of the consideration after discovery of the alleged fraud, and he has never tendered to appellant any part of it. His acts and conduct therefore constitute a ratification and estoppel against him as a matter of law. Navarro Pub. Co. v. Fishburn, 2 Posey U. C., 593; Dawson v. Sparks, 1 Posey U. C., 735; Cabaness v. Holland, 30 S. W. Rep., 63; same case, on last appeal, 47 S. W. Rep., 379; Scalf v. Tompkins, 61 Texas, 481; Missouri Pac. Ry. v. Brazzil, 72 Texas, 241; International & G. N. Ry. v. Brazzil, 78 Texas, 316; Grymes v. Sanders, 93 U. S., 55, 23 L. Ed., 802; Pence v. Langdon, 99 U. S., 578, 25 L. Ed., 420; Cobb v. Hatfield, 46 N. Y., 533; Masson v. Bovet, 1 Denio, 69, 43 Am. Dec., 651; Holbrook v. Burt, 22 Pick., 546; Hedges v. Hudson R. Ry., 49 N. Y., 223; Getty v. Devlin, 54 N. Y., 415; Sweetman v. Prince, 26 N. Y., 227; Kerr on Fraud and Mistake, 299; 1 Pomeroy, 385.

BROWN, ASSOCIATE JUSTICE.—The Honorable Court of Civil Appeals held that the right to repudiate the settlement made in this case by the plaintiff below with the railroad company was not lost by the delay which had occurred, and that delay to signify a repudiation of that settlement for any period of time short of the time prescribed for limitation of the action would not defeat the right to set the settlement aside. We do not indorse the proposition thus stated, but the reasonableness of the delay being one of fact, this court can not pass upon it, for which reason we refuse the application.

*Writ of error refused.*